IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO GARCIA, | ) |
|          Plaintiff, | ) |
| v. | ) No 17 cv 3932 |
| CITY OF CHICAGO, a municipal corporation, OFFICER RICHARD BARBER (Star #17969), JOHN GALVIN (#7), SERGEANT THOMAS HAMILTON (Star #1584), OFFICER J.C. ROMAN (Star #16957), OFFICER R. CHAPA (Star #16572), and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, | ) |
|          Defendants. | ) |

AMENDED COMPLAINT

NOW COMES, the Plaintiff, PABLO GARCIA, by and through his attorneys, Anthony J. Peraica & Associates, Ltd., and complaints of Defendants City of Chicago, Officer Richard Barber (Star #17969), John Galvin (Star #7), Sergeant Thomas Hamilton (Star #1584), Officer J.C. Roman (Star #16957), Officer R. Chapa (Star #16572), and Unknown City of Chicago Police Officers, as follows:

JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C.

1

§1367(a), over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391(b). The parties reside in this judicial district and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

5. At all times relevant hereto, Plaintiff, Pablo Garcia, was a resident of the City of Chicago, County of Cook, State of Illinois.

6. The Defendant City of Chicago is an Illinois municipal public entity duly organized and existing under the laws of the State of Illinois.

7. Defendant City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

8. Defendant City of Chicago is an Illinois municipal corporation located in the County of Cook, State of Illinois, and is the employer and principal of Defendants Officer Richard Barber (Star #17969), Sergeant Thomas Hamilton (Star #1584), Officer J.C. Roman (Star #16957), Officer R. Chapa (Star #16572), and Unknown City of Chicago Police Officers (collectively "Defendant Officers").

9. Upon information and belief, Officer Richard Barber is a resident of the City of Chicago, County of Cook, State of Illinois.

10. Upon information and belief, Sergeant Thomas Hamilton is a resident of the City of Chicago, County of Cook, State of Illinois.

11. Upon information and belief, Officer J.C. Roman is a resident of the City of Chicago, County of Cook, State of Illinois.

12. Upon information and belief, Officer R. Chapa is a resident of the City of Chicago, County of Cook, State of Illinois.

13. Defendant Officers were acting under color of their authority as Chicago Police officers and within the course and scope of their employment during the investigation, arrest and imprisonment of Plaintiff.

14. To the extent that there are other unnamed officers and/or supervisors of the City of Chicago Police Department that were involved in the events giving rise to Plaintiff's claims, Plaintiff will seek leave to amend his complaint upon learning the identity of the unknown Defendants, so as to properly allege their names.

15. At all times relevant to this Complaint, Defendant Officers of the City of Chicago Police Department acted under color of the Illinois Compiled Statutes, and, the custom, policies and procedures of the City of Chicago, County of Cook, and the State of Illinois.

16. Upon information and belief, Defendant John Galvin (#7) is a civilian employee of the City of Chicago Police Department.

17. Upon information and belief, John Galvin is a resident of the City of Chicago, County of Cook, State of Illinois.

18. Defendant Galvin was acting within the scope of his employment with the City of Chicago Police Department and acting under color of law as an employee of the City of Chicago Police Department during the impoundment of Plaintiff's vehicle.

19. At all times relevant to this Complaint, Defendant Galvin acted under of the Illinois Compiled Statutes, and the custom, policies and procedures of the City of Chicago Police Department.

3

FACTUAL BACKGROUND

20. On February 22, 2017, Pablo Garcia was sitting in his legally parked car.

21. Upon information and belief, on February 22, 2017, Plaintiff's vehicle was parked near 5450 S. Spaulding Avenue, Chicago, IL.

22. At all relevant times, the vehicle was in park and turned off; no keys were in the vehicle ignition.

23. Pablo Garcia was not operating the vehicle nor preparing to do so.

24. Shortly before midnight, on February 22, 2017, City of Chicago Police Officer Richard Barber (Star #17969), arrived at Garcia's parked vehicle.

25. Upon information and belief, Officer Barber attempted to gain entry into the Plaintiff's vehicle and engage the Plaintiff.

26. Upon information and belief, Officer Barber requested back up by a Spanish-speaking officer and, after some time had passed, Officers J.C. Roman (Star #16957) and R. Chapa (Star # 16572) arrived outside the plaintiff's vehicle.

27. Upon information and belief, Officers Barber, Roman and/or Chapa forcefully removed the plaintiff from his parked vehicle and made him walk a block to a nearby parking lot.

28. Upon information and belief, Officers Barber, Roman and/or Chapa coerced and/or used overbearing tactics to force the Plaintiff to undergo field sobriety testing.

29. Upon information and belief, Officers Barber, Roman and/or Chapa, with Plaintiff Garcia's consent, forced him to submit to a breathalyzer test by pressing the breathalyzer apparatus against Garcia's face.

30. Upon information and belief, Plaintiff Garcia was never shown or told the breathalyzer results.

31. Thereafter, Officers Barber, Roman and Chapa placed Plaintiff under arrest, put him in a police car and drove him to the police station.

32. On February 23, 2017 Plaintiff was charged with Driving Under the Influence.

33. On February 23, 2017, Officer Barber with the assistance of John Galvin and the approval of Sergeant Thomas Hamilton impounded the Plaintiff's vehicle on the basis of the charges of Driving While Intoxicated and Driving With A Suspended Or Revoked License.

34. Plaintiff was incarcerated at the Cook County jail for 12 days.

35. Plaintiff's imprisonment in the Cook County Department of Corrections for twelve days, resulted in the unlawful seizure of Plaintiff's person in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

36. Plaintiff vehicle was towed, impounded and wrongfully seized in violation of the Plaintiff's Fourth Amendment.

37. The City of Chicago wrongfully subjected Plaintiff to fines and fees for the impounding of his vehicle.

38. On March 28, 2017, Judge James Brown held a probable cause hearing and found that the Police Officer Barber lacked probable cause to arrest Garcia, leading to the dismissal of the driving under the influence charge and *nolle prosequi* all other charges by the State's Attorney.

39. Plaintiff was the victim of, and his injuries and damages were approximately caused by, a policy and practice on the part of the City of Chicago to pursue and secure false convictions through profoundly flawed investigations.

40. The City of Chicago Police Officers, including some or all of the Defendants, engaged in a systematic pattern of coercion and other illegal tactics that corrupt the investigative process.

41. The City of Chicago Police Department has an institutional desire to solve crimes and issue tickets more expediently regardless of actual guilt or innocence, in order to enhance police officers' personal standing in the Department, which is known to the command personnel, who themselves participated in the practice.

COUNT I -- 42 U.S.C. §1983 – Unlawful Arrest<br>
<u>City of Chicago and Individual Defendant Officers</u>

42. Plaintiff restates and re-alleges paragraphs 1 through 41 above as if fully set forth herein as paragraph 42.

43. The Defendant Officers' by their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

44. The misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

45. The arrest of the Plaintiff was without probable cause, without justification and unlawful.

46. As a proximate result of this violation, the Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

47. The misconduct described was undertaken pursuant to the policy, custom and/or practice of the City of Chicago Police Department and its employees and agents to arrest anyone sitting in a parked car for any period of time.

48. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered,

and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

WHEREFORE, Plaintiff Pablo Garcia demands substantial compensatory damages against the Defendants plus attorney fees and costs, liquidated damages as Defendants acted with malice and without probable cause, unjustified criminal attorney fees and costs, and any such other and additional relief as this Court deems just and equitable.

COUNT II -- 42 U.S.C. §1983 – DUE PROCESS
City of Chicago and Individual Defendant Officers

49. Plaintiff re-states and re-alleges paragraphs 1 through 48 above as if fully set forth herein as paragraph 48.

50. In committing the acts alleged in the proceeding paragraphs, each of the Defendant Officers, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be deprived of his Fourteenth Amendment right to due process as provided for in the U.S. Constitution.

51. The misconduct described in this Court was objectively unreasonable, without probable cause and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

52. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Police Department and Defendant City of Chicago.

53. As a result of this violation, the Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants, plus attorney's fees and costs, liquidated damages as Defendants acted with malice and without probable cause, and any such other and additional relief as this Court deems just and equitable.

COUNT III -- 42 U.S.C. §1983 – CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS
<u>All Defendants</u>

54. Plaintiff restates and re-alleges paragraphs 1 through 53 above as if fully set forth herein as paragraph 54.

55. As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of Equal Protection of the law.

56. The Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

57. In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

58. In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to the Plaintiff.

59. Defendant Officers reached an agreement to falsely charge the Plaintiff with traffic violations which he did not commit, and to thereby deprive Plaintiff of his constitutional rights, all as described more fully throughout the Complaint.

60. Defendant Officers, John Galvin, and the City of Chicago reached an agreement to have Plaintiff's legally parked vehicle towed and impounded without probable cause, so that additional fines and fees could be collected from the Plaintiff.

61. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

62. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff.

63. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department.

64. The conspiracy continues today with the City of Chicago's collection efforts on fines and fees for the impounded vehicle that was wrongfully seized without probable cause in the first place.

65. As a result of this conduct, Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendants, plus attorney's fees and costs, liquidated damages and any such other and additional relief as this Court deems just and equitable.

COUNT IV -- *MONELL* CLAIM AGAINST DEFENDANT CITY OF CHICAGO

66. Plaintiff restates and re-alleges paragraphs 1 through 65 above as if fully set forth Herein as paragraph 66.

67. At all relevant times herein, Defendant City of Chicago, acting through the Chicago Police Department, developed, implemented, enforced, encouraged and sanctioned *de facto* policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

68. The constitutional violations set forth in Counts I through III were caused by the deliberate indifference of the City of Chicago ("City") such that the City itself is liable for the violations of Plaintiff's constitutional rights.

69. The conduct of the Defendant Officers in violating Plaintiff's constitutional rights was undertaken pursuant to the policy and widespread practices of the City of Chicago Police Department in that:

    a. As a matter of both policy and practice, the City of Chicago Police Department directly encourages, and is therefore the moving force behind, the very type of

      misconduct at issue here by failing to adequately discipline, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

  b. As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

  c. The City maintained broken and deficient systems for supervising and disciplining its officers;

  d. The City ignored the recognized and important need to track, discipline and control officers;

  e. Upon information and belief, the Defendant Officers violated general and special orders of the City of Chicago Police Department involving Driving While Under The Influence and Zero Tolerance, Alcohol and Drug Dependent Persons, video camera, and/or well-being policies but have not been disciplined for it; and

  f. Other acts of negligence.

70. Upon information and belief, Defendant City of Chicago has, acting through its Chicago Police Department, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting without reasonable suspicion or probable cause, individuals who sit in parked vehicles and exercise their rights.

71. Defendant City maintained these policies and widespread practices in deliberate indifference to the foreseeable consequences including the violations of Plaintiff's rights.

72. Defendant City's deliberate indifference to these policies and widespread practices were the moving force behind the violation of Plaintiff's constitutional rights.

73. As a result of Defendant City's conduct in causing the constitutional violations, Plaintiff suffered pain and injury, as well as, deprivation of liberty and severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages against Defendant City of Chicago, plus attorney's fees and costs, and any such other and additional relief as this Court deems just and equitable.

### COUNT V -- 745 ILCS 10/9-101 -- INDEMNIFICATION

74. Plaintiff restates and re-alleges paragraphs 1 through 73 above as if fully set forth herein.

75. Defendant City of Chicago is the employer of all Officer Defendants and John Galvin.

76. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

77. Defendant John Galvin committed the acts alleged above with regard to the impounding of Plaintiff's vehicle under color of law and in the scope of his employment as an employee of the City of Chicago.

WHEREFORE, Plaintiff demands that if any non-punitive damages, fees or costs are awarded against the Defendant Officers, then the City of Chicago should be liable to pay the award.

### COUNT VI -- MALICIOUS PROSECUTION

78. Plaintiff restates and re-alleges paragraphs 1 through 78 above as if fully set forth

therein.

79. Defendant Officers and John Galvin causes Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

80. These judicial proceedings were instituted and/or continued maliciously and without probable cause, resulting in injury.

81. The Defendants accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

82. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff.

83. The Defendant Officers and Galvin performed the actions complained of while on duty and in the employ of Defendant City, and while acting within the scope of their employment.

84. As a result of this misconduct, Plaintiff sustained and continues to sustain pain and injury, as well as, deprivation of liberty, damage to reputation, pain and suffering, and emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants, plus costs, attorney's fees and whatever additional relief this Court deems just and equitable.

COUNT VII -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiff restates and re-alleges paragraphs 1 through 84 above as if fully set forth

herein.

86. The above-detailed conduct by the Defendant Officers and Galvin was extreme and outrageous.

87. Defendant Officers, Galvin and the City of Chicago performed the acts detailed above with the intent of inflicting severe emotional distress on Plaintiff with knowledge of the high probability that the conduct would cause such distress.

88. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress.

WHEREFORE, Plaintiff demands substantial compensatory damages and liquidated damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants, plus costs, attorney's fees, and whatever additional relief this Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,

PABLO GARCIA


By: __s/ Anthony J. Peraica_____
     One of Plaintiff's Attorneys

Anthony J. Peraica, ARDC #6186661
Anthony J. Peraica & Associates, Ltd.
Attorneys for Plaintiff
5130 S. Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
PeraicaLaw@aol.com