# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PABLO GARCIA, | ) |
| Plaintiff, | ) |
| | ) No. 17 C 3932 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CITY OF CHICAGO, a municipal corporation, OFFICER RICHARD BARBER (Star #17969), JOHN GALVIN (#7), SERGEANT THOMAS HAMILTON (Star # 1584), OFFICER J.C. ROMAN (Star #16957), OFFICER R. CHAPA (Star # 16572), and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Chicago Police Officers Richard Barber, J.C. Roman, and R. Chapa arrested and detained Plaintiff Pablo Garcia while he sat in a parked car, charging Garcia with driving under the influence ("DUI"). After a judge dismissed the charges against him, Garcia filed this civil rights suit pursuant to 42 U.S.C. § 1983 against Barber, Roman, Chapa, John Galvin, Sergeant Thomas Hamilton, unknown Chicago Police officers, and the City of Chicago ("City"). In addition to his claims against the individual Defendants, Garcia brings a *Monell* claim against the City based on its policies or practices of (1) interfering with individuals siting in parked cars without reasonable suspicion or probable cause, and (2) failing to discipline, supervise, and control its police officers.[1] The City moves to dismiss Garcia's *Monell* claim, arguing that he has failed to plead more than conclusory allegations of a policy or practice. The Court finds that Garcia has sufficiently met his pleading burden with respect to his claim that the City maintains a practice of

---
[1] Garcia also refers to other City policies and practices throughout his amended complaint without specificity. The Court therefore only focuses on these two categories, which are the focus of the City's motion to dismiss.

arresting and charging anyone sitting in a parked car for any period of time, in addition to failing to discipline its police officers, based on his own experience and so allows those parts of his *Monell* claim to proceed to discovery. But the Court agrees that Garcia has not sufficiently alleged a *Monell* claim with respect to the City's alleged policy of failing to supervise and control its officers and so dismisses these aspects of his *Monell* claim.

## BACKGROUND[2]

On February 22, 2017, shortly before midnight, Garcia was sitting in his parked car without the keys in the ignition near 5450 S. Spaulding Avenue in Chicago, Illinois. Barber approached Garcia's vehicle and attempted to gain entry into it. He requested back up from a Spanish-speaking officer. Soon after, Roman and Chapa arrived on the scene. Together, Barber, Roman, and Chapa forcibly removed Garcia from his car and walked him to a parking lot a block away. In the lot, they administered a breathalyzer test to Garcia but did not show or tell him the results. Barber, Roman, and Chapa then arrested Garcia and drove him to the police station. On February 23, 2017, the State charged Garcia with a DUI and Garcia remained incarcerated at the Cook County Jail for twelve days. Barber, assisted by Galvin, who worked at the Chicago Police Department, and with Hamilton's approval, impounded Garcia's vehicle. On March 28, 2017, Judge James Brown found that Barber did not have probable cause to arrest Garcia, leading the State's Attorney to dismiss the DUI charge and decline to prosecute the remaining charges.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-

---

[2] The Court takes the facts in the background section from Garcia's amended complaint and presumes them to be true for the purposes of resolving the pending motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The City argues that Garcia has not adequately alleged a policy or practice claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may allege *Monell* liability on (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted). Here, Garcia brings his *Monell* claims under the second prong. To adequately allege a *Monell* widespread practice claim, Garcia must "plead[ ] factual content that allows the Court to draw the reasonable inference that the [City] maintained a policy, custom or practice" that contributed to the alleged violation. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (internal quotation marks

omitted). Because Garcia seeks to hold the City liable for two distinct practices, the Court addresses them in turn.

I.  **Interference with Individuals Sitting in Parked Cars**

First, Garcia claims that his arrest arose pursuant to a City policy or practice of arresting anyone sitting in a parked car for any period of time. The City argues that Garcia uses only boilerplate language and merely relies on his own experience of a single arrest, which cannot establish a widespread practice. But recently, the Seventh Circuit has reminded courts not to apply a "heightened pleading standard" to *Monell* claims. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (quoting *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)). This means that a plaintiff need not identify other examples of the complained of practice in order to state a *Monell* claim but rather may rely solely on his own experience. *See id.* at 844 (noting that plaintiff "was not required to identify every other or even one other individual who had been arrested pursuant to a warrant obtained through the complained-of process"); *Williams v. City of Chicago*, No. 16-cv-8271, 2017 WL 3169065, at *8–9 (N.D. Ill. July 26, 2017) ("Post-*White* courts analyzing *Monell* claims . . . have 'scotched motions to dismiss' premised on arguments that the complaint does not contain allegations beyond those relating to the plaintiff." (collecting cases)). Here, Garcia alleges that Barber, Roman, and Chapa unlawfully arrested him without probable cause pursuant to the City's practice of arresting anyone sitting in a parked car for any period of time. This suffices at the pleading stage to state a *Monell* claim. *See Barwicks v. Dart*, No. 14-cv-8791, 2016 WL 3418570, at *4 (N.D. Ill. June 22, 2016) (at summary judgment, a single incident cannot establish a *Monell* claim, but at the motion to dismiss stage, a plaintiff "need only allege a pattern or practice, not put forth the full panoply of evidence from which a

reasonable factfinder could conclude such a pattern exists"). Discovery will uncover whether Garcia can establish or prove that such a practice exists, but at the pleading stage, Garcia need only state a plausible claim for relief. *See Shields v. City of Chicago*, No. 17 C 6689, 2018 WL 1138553, at *4 (N.D. Ill. Mar. 2, 2018) (noting that the "City's arguments that Plaintiff's allegations do not 'establish' the existence of a widespread policy are misplaced because at this stage of the proceedings, the Court must determine whether Plaintiff has stated a plausible claim for relief, not that he has 'established' or 'proven' his claims"). The Court finds that Garcia has done so with respect to this aspect of his *Monell* claim and so allows it to proceed.

## II.     Failure to Discipline, Supervise, and Control

Next, Garcia contends that the City has a practice of failing to discipline, supervise, and control its police officers. He only provides some factual support for one aspect of this policy, contending that, on information and belief, Barber, Roman, and Chapa have not yet been disciplined for violating certain policies in connection with their arrest of Garcia. This allegation could plausibly be read to suggest a more pervasive failure to discipline within the Chicago Police Department, encouraging these officers to continue violating the Chicago Police Department's policies with respect to DUI arrests and thus causing Garcia's injuries. Therefore, the Court will allow the failure to discipline claim to proceed. *But see Carmona v. City of Chicago* ("*Carmona II*"), No. 15-CV-462, 2018 WL 1468995, at *3 (N.D. Ill. Mar. 26, 2018) (requiring plaintiff to plead more than how alleged failure to discipline affected his particular case to state a *Monell* claim).

Outside of this allegation, however, Garcia has not provided any facts to support his claim that the City maintains a policy or practice of failing to supervise or control its officers and that such a policy or practice caused his injuries. *See Harris v. Wexford Health Sources, Inc.*,

5

No. 15-cv-10936, 2017 WL 4467480, at *3–4 (N.D. Ill. Oct. 6, 2017) (dismissing *Monell* claim against Wexford Health Sources where complaint did not adequately provide facts to support how plaintiff's injuries were caused by Wexford's alleged policies or practices). Instead, Garcia only conclusorily alleges that the City's failure to supervise and control police officers generally results in misconduct. Courts have found that such allegations do not suffice. *See Carmona v. City of Chicago* ("*Carmona I*"), No. 15-CV-462, 2018 WL 306664, at *3 (N.D. Ill. Jan. 5, 2018) (collecting cases).

In his response, Garcia asks the Court to consider the Department of Justice's January 2017 report on the Chicago Police Department ("DOJ report"), arguing that the DOJ report provides additional support for his claim that the City maintains "a widespread custom and practice of inadequate training, supervision, discipline, and accountability." Doc. 46 at 6. But the DOJ report does not help Garcia. Although the DOJ report generally addresses the Chicago Police Department's failure to adequately regulate the use of force, Garcia has not brought an excessive force claim, and his broad citations to the DOJ's findings of accountability problems do not help show "how the deficiencies described in the DOJ report relate to [Garcia's] claim that police officers . . . arrested him without probable cause." *Carmona I*, 2018 WL 306664, at *3 ("Plaintiff's broad citation to the 160-page DOJ report, without any discussion of the specific findings of the report or any allegations connecting the report findings to the misconduct alleged in his Complaint, is insufficient to support his *Monell* claim."); *see also Carmona II*, 2018 WL 1468995, at *4 ("The DOJ report certainly identifies serious shortcomings in CPD's supervisory systems, but the Court cannot countenance it as a master key to unlock discovery's door for any *Monell* claim against the City, no matter how scantily the plaintiff connects his claim to the report's findings."); *cf. Arrington v. City of Chicago*, No. 17 C 5345, 2018 WL 620036, at *4 n.4

(N.D. Ill. Jan. 30, 2018) (considering DOJ report where plaintiff "alleges a custom or practice of excessive force among Chicago police officers, and the DOJ Report found such a custom or practice"). Therefore, the Court dismisses Garcia's *Monell* claim as it relates to the City's alleged failure to discipline, supervise, and control its officers.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the City's motion to dismiss [32]. The Court dismisses Garcia's *Monell* claim related to the City's alleged failure to supervise and control its officers without prejudice. The Court orders the City to answer the complaint by August 8, 2018.

Dated: July 24, 2018

_____
SARA L. ELLIS
United States District Judge